Isham v. Davison, appellant, *et al.*

*Deed — misdescription when no defense to note for purchase-money — action continued by executrix — no averment and proof of testator's death necessary.*

A note for the purchase-money of real estate was given by the vendee with full knowledge, or means of knowledge, of the extent of the purchase. *Held,* that it is no defense to an action upon the note that the vendor represented that a certain tract of land was covered by the deed, which was not in fact embraced in the description.

Where, in an action originally brought by the plaintiff's testator, and continued in the name of the plaintiff as executrix, there was no allegation, in the pleadings, that the plaintiff's testator was dead, and no proof of it on the trial; *held,* that the fact that the court had, on suggestion of the testator's death, ordered the action to be revived in the name of the plaintiff as executrix, was an answer to the objection.

APPEAL by defendant, Sarah A. Davison, from a judgment entered upon the verdict of a jury in favor of plaintiff, Semanthe S. Isham, executrix, etc., of Pierrepont Isham, deceased.

The action was brought by the plaintiff's testator, in his lifetime, to recover upon two certain promissory notes, of $1,500 each, made and delivered by defendants to the testator, on the sale to them by him of a tract of land in Bergen county, N. J. The case has been twice tried. On the previous trial, the defendant relied on the want of a reply to an allegation in her answer of unliquidated damages, arising from an alleged misdescription, in the deed, of the land for which the notes had been given. Judgment was rendered for the plaintiff, which judgment was reversed by the court of appeals, on the ground that a reply was necessary, and the defendant had been misled. The case is reported, 52 N. Y. 237. Thereafter plaintiff, on leave of the court, served his reply, *nunc pro tunc,* denying the allegations in question. On the second trial, defendant took exception to the introduction of plaintiff's letters testamentary, on the ground that there was no allegation in the complaint of the death of the original plaintiff, the testator, or in regard to his will. Plaintiff then read in evidence an order reviving the action in the name of the present plaintiff; to which defendant also excepted; also to the exclusion of testimony as to the value of the premises sold, with and without the " cedar knoll," which defendant claims was represented by plaintiff to be within

the lines of the premises to be conveyed. Judgment was had for plaintiff for the full amount claimed, and from such judgment is this appeal.

*S. C. Conable*, for appellant.

*W. P. Prentice*, for respondent.

DONOHUE, J. The defendant Davison, with others, purchased certain land of the plaintiff's testator, anu it is alleged that the party who sold the land for the vendor represented the land sold to cover a certain cedar knoll, which, the defendant asserts, it did not, and that damage to a much larger amount than the note has resulted.

The proof shows that, whatever the fact is as to any original statements, the note was given after a full knowledge by the defendant of the fact of the real extent of the land, and after efforts had been made by those acting and interested with the defendant to purchase the portion of land now said to have been represented as within the purchase; and the proof shows that, after the note became due, promises were made to pay. On a note given as this was, with full knowledge, or means of knowledge, of the extent of the purchase, the law will not sustain such a defense. *Week's* v. *Burton*, 7 Vt. 67; *Wade* v. *Thurman*, 2 Bibb, 602; *Sandford* v. *Handy*, 23 Wend. 250.

The objection to the pleadings that there was no allegation in them that Isham was dead, and no proof of it on the trial, was all disposed of by the fact that the suggestion of the death had been made, and the court, on motion, had passed on the fact of his death and admitted the executrix to prosecute.

There is no error in the admission of any evidence objected to by defendant or excluded under plaintiff's objection, and the judgment should be affirmed.

DAVIS, P. J., and DANIELS, J., concurred.

*Judgment affirmed.*